**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lisa E. Crowe, Appellant,

v.

Fred's Stores of Tennessee, Inc. and NARA Properties, LLC, Defendants,

Of which Fred's Stores of Tennessee, Inc. is the Respondent.

Appellate Case No. 2017-001671

Appeal From Spartanburg County
R. Keith Kelly, Circuit Court Judge

Unpublished Opinion No. 2019-UP-330
Submitted September 1, 2019 – Filed October 9, 2019

**AFFIRMED**

Wendell Leon Hawkins and Aimee Victoria-Ann Leary, both of Wendell L. Hawkins, PA, of Greer, for Appellant.

Matthew Clark LaFave, of Crowe LaFave, LLC, of Columbia, for Respondent.

**PER CURIAM:**  Lisa E. Crowe appeals the circuit court's order granting summary judgment to Fred's Stores of Tennessee (Fred's) on her negligence cause of action. On appeal, Crowe argues (1) Fred's owed her a duty of care and (2) her alleged knowledge of the hazardous condition that caused her injury did not eliminate Fred's duty.  Because Crowe's injury occurred on property Fred's did not possess or control, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *BPS, Inc. v. Worthy*, 362 S.C. 319, 324, 608 S.E.2d 155, 158 (Ct. App. 2005) ("When reviewing the grant of a summary judgment motion, the appellate court applies the same standard which governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Singleton v. Sherer*, 377 S.C. 185, 200, 659 S.E.2d 196, 204 (Ct. App. 2008) ("To establish negligence in a premises liability action, a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) defendant's breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty."); *id.* ("The court must determine, as a matter of law, whether the law recognizes a particular duty."); *Hurst v. E. Coast Hockey League, Inc.*, 371 S.C. 33, 37, 637 S.E.2d 560, 562 (2006) ("If there is no duty, then the defendant in a negligence action is entitled to [summary] judgment as a matter of law."); *Hendricks v. Clemson Univ.*, 353 S.C. 449, 456, 578 S.E.2d 711, 714 (2003) ("An affirmative legal duty exists only if created by statute, contract, relationship, status, property interest, or some other special circumstance."); *id.* at 456-57, 578 S.E.2d at 714 ("Ordinarily, the common law imposes no duty on a person to act."); *Miller v. City of Camden*, 329 S.C. 310, 314, 494 S.E.2d 813, 815 (1997) ("One who controls the use of property has a duty of care not to harm others by its use.  Conversely, one who has no control owes no duty." (citations omitted)); *S.C. Farm Bureau Mut. Ins. Co. v. S.E.C.U.R.E. Underwriters Risk Retention Grp.*, 347 S.C. 333, 341, 554 S.E.2d 870, 875 (Ct. App. 2001) ("The responsibility for an injury negligently caused by a defect or dangerous condition or activity in or on real property usually attaches to the owner or possessor, by virtue of his control thereof . . . ." (quoting 62 Am. Jur. 2d *Premises Liability* § 4, at 351 (1990))).[1]

---

[1] Appellant's argument that Respondent imposed a duty of care on itself through a voluntarily undertaking is unpreserved.  *See S.C. Farm Bureau*, 347 S.C. at 343, 554 S.E.2d at 875 ("An issue must be raised to and ruled on by the trial court for an appellate court to review the issue.").

**AFFIRMED.**[2]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.